IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WILLIAMS,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 24-CV-6020 |
| PHILA CHILD SUPPORT<br>FAMILY COURT DIV., *et al.*,<br>    Defendants. | : <br> : <br> : <br> : | |

### MEMORANDUM

**MARSTON, J.**                                                                                           June 10, 2025

Plaintiff William Williams initiated this *pro se* civil action alleging his constitutional and statutory rights were violated in connection with a court-ordered child support obligation. (Doc. No. 2.) Williams seeks to proceed *in forma pauperis*. (Doc. No. 11.) For the following reasons, the Court grants Williams leave to proceed *in forma pauperis* and dismisses the Complaint.

**I.      FACTUAL ALLEGATIONS[1]**

In this action, Williams has sued the "Phila. Child Support Family Court Division," the "Del. DCSS Child-Support Family Court Div.," "the City of Philadelphia State of Pennsylvania," and the three major credit reporting agencies. (Doc. No. 2 at 1.) Although his Complaint is over 150 pages long, it is difficult to discern any specific factual allegations. The Court understands Williams to allege that, between 2009 and 2013, courts in Delaware County and Philadelphia County subjected him to child support obligations and imposed an array of consequences on him when he did not comply with those obligations, including fines, garnishment of wages and

---

[1] The allegations set forth in the Memorandum are taken from Williams's Complaint (Doc. No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Williams's submissions have been cleaned up where necessary.

lottery winnings, license suspensions, arrests, and incarceration. (*See generally id.* at 3–12.) He appends what appear to be communications that he previously sent to the Philadelphia Court of Common Pleas Family Court Division, asserting that he never consented to form a "contract" to pay child support and challenging the Family Court's authority to report his noncompliance with child support obligations to the credit reporting agencies. (*See id.* at 130–34.) His central contention appears to be that "one cannot be forced into paying child support without a valid contract that was signed without duress." (*Id.* at 69.) He claims to have suffered an array of injuries. (*See, e.g.*, *id.* at 43–44, 63, 65.) For relief he seeks $2 million in damages. (*Id.* at 69.)

## II.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Williams is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

## III.   SCREENING UNDER § 1915(E)

Because the Court grants Williams leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A.   Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Williams's Complaint contains "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* But because Williams is proceeding pro se, the Court liberally construes the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). And we "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). And an unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

    **B.**    **Analysis**

To the extent the Court can understand Williams's allegations, they lack a basis in fact and law and also fail to state a plausible claim within the Court's jurisdiction. The manner in

3

which Williams has presented his allegations makes the substance of his claims difficult to discern and, at times, runs afoul of Rule 8. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *see also Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988) (criticizing the "all too common shotgun pleading approach" to complaints).

It appears that Williams is primarily attempting to assert constitutional claims. The vehicle by which federal constitutional claims may be brought against state actors in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). Williams has failed to allege a plausible basis for a constitutional claim here.

### 1. Claims Related to Child Support Orders

At base, Williams appears to take issue with his child support obligations and the consequences he faced when he failed to satisfy those obligations. With this in mind, the Court begins with Williams's claims against the "Phila. Child Support Family Court Division," the "Del. DCSS Child-Support Family Court Div.," and the City of Philadelphia.

First, the Court finds Williams has failed to state a claim against the family court divisions of the Philadelphia Court of Common Pleas and the Delaware Courts. As divisions of the court systems of Pennsylvania and Delaware, the family courts share in their respective States' Eleventh Amendment immunity. *See Andrews v. Hens-Greco*, 641 F. App'x 176, 180

(3d Cir. 2016) (Pennsylvania court system); *Buchanan v. Gay*, 491 F. Supp. 3d 483, 493 (D. Del. 2007) (Delaware court system). The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Accordingly, Williams's claims against the family courts are dismissed with prejudice.

Second, Williams has failed to state a claim against the City of Philadelphia. Unlike the family courts, local governments and municipalities are considered persons under § 1983. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the City of Philadelphia is not responsible for the events that took place in Williams's Pennsylvania state court judicial proceedings. "Simply put, one cannot sue a [municipality] in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of [municipal] government." *Andresen*, 2020 WL 9048845, at *6; *see also Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment."). Accordingly, Williams's claim against the City of Philadelphia is also dismissed with prejudice.[2]

---

[2] To the extent Williams intended to name the judges, judicial employees, district attorneys, and municipal officers involved in his family court actions as individual Defendants (*see*, *e.g.*, Doc. No. 2 at 61 (including a "List of Parties" that does not match the caption)), he still fails to state a claim. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of

5

In sum, Williams has not pleaded any basis for proceeding on a federal civil rights claim in connection with any child support order or other act of a family court. More fundamentally, his claims appear to be grounded in a legal theory—*i.e.*, that a child support order must be consented to by way of a contract—that courts have rejected. *See Ibrahim v. N.J. Att'y Gen.*, No. 18-3461, 2020 WL 4016017, at *3 (D.N.J. July 14, 2020) ("[Plaintiff's] argument seems to be that the child support order is a sort of quasi-contract that was entered into unfairly and unlawfully, and thus void. It is not; it is an order of the state court." (citations omitted)), *aff'd*, No. 21-1128, 2021 WL 3012660 (3d Cir. July 16, 2021); *see also Shaikh v. Ocean Cnty. Child Support Enf't Agency*, No. 24-09528, 2024 WL 4626405, at *1 (D.N.J. Oct. 30, 2024) (rejecting claims brought by plaintiff challenging the loss of his passport due to a child support order issued against him for failure to pay child support). Overall, even under a liberal reading, Williams has not presented any plausible legal basis for proceeding against a state or municipal defendant.

---

immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso*, 588 F.3d at 184 (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). Williams has not alleged any facts that would show that any judge in his cases acted in the absence of jurisdiction. *See, e.g., Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (finding judges who presided over protection from abuse, custody, and divorce proceedings were entitled to immunity because acts were taken in judicial capacity and plaintiff did not show an absence of jurisdiction, and immunity applied despite allegations of bad faith and conspiracy), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). To the extent Williams's claims are predicated on the enforcement of any child support order, such claims would be barred by quasi-judicial immunity. *See Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) ("[W]e agree with the District Court's conclusion that defendants Tardif and Feldman are entitled to quasi-judicial immunity for their roles in implementing and enforcing child support orders"); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity."). So, to the extent Williams intended to sue any judges for acts taken in their judicial capacity, or any municipal officials for enforcing child-support orders, his claims fail.

### 2. Claims Related to Credit Reports

That leaves Williams's claims against the three credit reporting agencies: "Exqual-Fax [sic] Credit Agency," "Trans Union Credit Reporting Agency," and "Experian Credit Reporting Agency." Although his allegations against these Defendants are unclear, construing his complaint liberally, the Court understands him to allege that the family courts provided information about his noncompliance with child-support obligations to the credit reporting agencies, who then reported that information to third parties, all without Williams's "consent." (*See, e.g.*, Doc. No. 2 at 9–10 (describing purported credit-related injuries); *id.* at 152 (citing 15 U.S.C. § 1681b).) Liberally construing the Complaint as an attempt to present a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), Williams has not alleged a plausible claim.

The FCRA protects consumers' privacy rights by dictating how furnishers must report information to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2. It also limits, among other things, under what circumstances consumer reporting agencies may furnish consumer reports, including to whom the information may be furnished, and what information may be contained in consumer reports. *See, e.g.,* 15 U.S.C. §§ 1681b, 1681c. Under the FCRA, a consumer's consent is required for a consumer reporting agency to furnish a consumer report only in limited circumstances, none of which are implicated in the case at bar. *See, e.g.,* 15 U.S.C. § 1681b(a), (c); *see also George v. Transunion Corp.*, No. 22-4967, 2023 WL 5044956, at *4 (E.D. Pa. Aug. 8, 2023) (discussing those provisions which require consent). "The FCRA simply does not have a consumer 'opt out' provision." *Frazier v. Transunion*, No. 23-3637, 2023 WL 6323088, at *4 (E.D. Pa. Sept. 28, 2023). Accordingly, any FCRA claim that Williams asserts on this theory fails because it is predicated upon a fundamental misunderstanding of his rights. *See id.* (finding plaintiff failed to allege an FCRA claim where he contended that

furnisher and credit reporting agency "violated his rights because they have publicized private information without his consent" and that this "delinquent account information [should be] excluded from his credit file and/or consumer report based on his purported election to 'opt out' of the inclusion of this information"). Accordingly, Williams's claims against the credit reporting agencies are also dismissed with prejudice

### IV. CONCLUSION

For the foregoing reasons, the Court grants Williams leave to proceed *in forma pauperis* and dismisses his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. No leave to amend will be granted, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows.